UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALVERINE THAMES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:17 CV 00798 CDP |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and TONI ELVIR, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Alverine Thames claims she was injured when uninsured motorist Toni Elvir negligently rear-ended her vehicle with his own. Thames alleges that she had an automobile insurance policy in effect at the time of the collision which included uninsured motorist coverage with defendant American Family Mutual Insurance Company. She further alleges that despite her demands, American Family failed to make any payments under its policy. Thames originally filed this personal injury and uninsured motorist case against Elvir and American Family in Missouri state court. American Family removed the case to this court citing federal diversity jurisdiction under 28 U.S.C § 1332. Although the petition states both Thames and Elvir are Missouri residents, American Family argues the

evidence shows the parties are diverse as Elvir is an Illinois citizen.[1]  The matter is before me now on Thames's motion to remand, in which she claims: 1) American Family's removal was untimely, and, 2) there is no federal diversity jurisdiction as American Family failed to show Elvir was a citizen of Illinois.  I conclude that although the case was timely removed, American Family did not meet its burden to establish diversity of citizenship by a preponderance of the evidence.  I will therefore grant Thames's motion to remand.

**Standard of Review**

A defendant normally may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action.  28 U.S.C. §1441.  A federal court has diversity jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a). A defendant seeking removal has the burden of establishing diversity jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  A defendant meets that burden by proving diversity of citizenship and amount in controversy by a "preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Bell*, 557 F.3d at 956. When a case is removed, diversity of citizenship must exist when the state petition is filed and when the petition for removal is filed.  *Knudson v. System Painters, Inc.,* 634 F.3d 968, 975 (8th Cir.

---

[1] American Family is alleged to be a citizen of Wisconsin.

2011). Once the defendant satisfies the burden, remand is only appropriate if the plaintiff can establish that the requirements for diversity jurisdiction have not been met to a "legal certainty." *Bell*, 557 F.3d at 956. All doubts about federal jurisdiction should be resolved in favor of remand to state court. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

## Discussion

Before considering the parties' arguments regarding diversity, I will briefly address Thames's contention that American Family did not timely remove the case. The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. 1446(b). Here, the summons and petition were served on January 26, 2017, the 30-day deadline fell on Saturday, January 25, 2017, and the action was removed 2 days later on Monday, February 27, 2017. As Rule 6(a)(1)(C) states, when computing time, you "include the last day of the period, but if the last day is a Saturday, … the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, here, the period continued to run through Monday, February 27, 2017, when the action was removed. Accordingly, American Family's removal was timely.

Next, I will consider Thames's argument that remand is required as American Family failed to establish diversity of citizenship. In its notice of removal, American Family contends the evidence shows Elvir is a citizen of Illinois and not Missouri. At the time of the 2015 collision, Elvir provided the investigating officer with a Missouri address. However, the St. Louis City Sheriff was unable to serve Elvir at this address, and the summons indicated he had moved. American Family's private investigator was unable to ascertain where Elvir currently resides or lived at the time the lawsuit was filed. Accordingly, American Family contends Elvir's Missouri address was temporary, and his citizenship should be based on the 2012 registration of Elvir's vehicle in Illinois.

In considering the evidence before me, I must ascertain whether American Family, as the removing party, met its burden of proof to establish diversity jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. Although Elvir's vehicle registration provides evidence of Illinois citizenship, Elvir's statement to the police that he lived at an address in Missouri equally provides evidence of Missouri citizenship. I cannot conclude, therefore, that American Family has shown Elvir was an Illinois citizen by a preponderance of the evidence. Moreover, given the conflicting evidence in this case, I must resolve all doubt in favor of remand. *Hubbard*, 799 F.3d at 1227.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#9] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St/ Louis, State of Missouri, from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2017.